[Civ. No. 8134. Second Appellate District, Division Two.—February 17, 1934.]

JOHN E. FLETCHER et al., Respondents, v. MORRIS STARKER et al., Appellants.

JOHN E. FLETCHER, Respondent, v. MORRIS STARKER et al., Appellants.

Fredericks, Hanna & Morton and Byron F. Story for Appellants.

Thomas T. Robinson for Respondents.

ARCHBALD, J., *pro .tem.*—John E. Fletcher and Christina Fletcher, his wife, were injured by an automobile owned by defendant Roseman and driven by his agent Morris Starker in the course of his employment. John E. Fletcher brought an action to recover the damages sustained by him, and joined with his wife in another action to recover for the damages alleged to have been sustained by her injuries. The cases were consolidated for trial and judgments were awarded in both cases in favor of the respective plaintiffs and against defendants. From such judgments defendants have appealed.

Appellants admit that the evidence "is probably sufficient as a matter of law to sustain the finding of negligence", but urge that the judgments must be reversed because the court gave an instruction to the jury involving the last clear chance doctrine, which it is contended there is no evidence to support.

Both plaintiffs testified that after alighting from a Pacific Electric car they crossed Huntington Drive on a line with the sidewalk along Sunset near Arcadia, where it ends in Huntington Drive; that when they were within about four feet of the opposite curb they were struck "like a shot out of a gun"; that defendants' car had no lights and that the horn was not blown. Appellant Starker admitted that he did not blow the horn, but testified that the headlights were burning. He also testified that when plaintiffs were at one end of the intersection he was at the other; that *when he first saw them he put on his brakes* and swerved to the right; that "the brakes made a noise and these people got excited in the road when they heard the brakes squeak, and they stopped and hesitated a moment . . . and they ran across", and that he was traveling at a speed of about thirty-five miles per hour just before the accident. The evidence shows that the car went up over the south curb of Huntington Drive, crashed through a fire hydrant and broke off a tree before it came to rest approximately thirty feet beyond the east line of Sunset. Starker places the distance between his car and plaintiffs at the time the brakes were applied as the width of Sunset, viz., forty feet. There is other evidence to the effect that skid marks traced to the car were in evidence for a distance of sixty-seven feet, be-

ginning within ten feet of the east line of Sunset and extending westerly. The jury might well have concluded that the car was approximately thirty-seven feet west of Sunset when the brakes were applied, that the driver then knew that plaintiffs were confused and attempting to cross in front of him, and that he had ample opportunity to avoid them if he had turned to the left instead of to the right, as he did.

In our opinion there is ample evidence from which the jury might have found that all of the elements necessary to support the doctrine of last clear chance existed, and we see no error in the giving of such instruction.

Judgments affirmed.

Stephens, P. J., and Craig, J., concurred.